Filed 12/10/14  P. v. Johnson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B254827 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA075211) |
| v. | |
| KAREN E. JOHNSON, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant and appellant Karen E. Johnson (defendant) appeals her conviction of grand theft and second degree burglary.  Her appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On September 15, 2014, we notified defendant of her counsel's brief and gave her leave to file, within 30 days, her own brief or letter stating any grounds or argument she might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

---

[*]      ASHMANN-GERST. Acting P.J., CHAVEZ, J., HOFFSTADT, J.

Defendant and two others were charged with several felonies relating to thefts at two Albertson's markets. Counts 1 and 2 of the information named only codefendant Jamil Travon Brewer (Brewer). Defendant was charged in counts 3 and 5 with second degree burglary, in violation of Penal Code Section 459, and in counts 4 and 6 with grand theft in violation of Penal Code section 487, subdivision (a).

On September 9, 2013, defendant, Brewer, and two others were seen on surveillance video taking items valued at $1,203.81 from the Woodland Hills Albertson's market. About an hour later, when defendant, Brewer, and their companions entered the Westlake Village Albertson's, store manager Robert Daniel recognized Brewer as a suspect in a previous theft at the market, and he called the police. Surveillance video showed defendant and the others removing items from shelves, mostly baby products with a total value of $1,076.08, and placing the items in bags. As the group exited the store without paying for the items, sheriff's deputies were waiting outside. Defendant and two others ran back into the store, dumped their loot, and attempted to hide, but were eventually apprehended. Defense evidence suggested that the front exit of the store and certain aisles were not as visible as prosecution witnesses claimed.

The jury found defendant guilty of all four counts as charged. On February 10, 2014, the trial court sentenced defendant to the middle term of two years as to count 3, in addition to a consecutive eight-month term (one-third the middle term of two years) in count 5, and the middle term of two years as to both counts 4 and 6, which were both stayed pursuant to section 654. The court ordered defendant to pay mandatory fines and fees, and struck all remaining fines and fees due to inability to pay. Defendant was given presentence custody credit of four days. Defendant filed a timely notice of appeal from the judgment.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment

entered against her in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.